**Rein J. GROEN and William A. Rice, Plaintiffs,**

v.

**GENERAL FOODS CORPORATION, Defendant.**

**No. 42093.**

United States District Court
N. D. California.

Dec. 30, 1966.

Charles A. Zeller, Stockton, Cal., for plaintiffs.

Naylor & Neal, James M. Naylor, Frank A. Neal, Karl A. Limbach, John K. Uilkema, San Francisco, Cal., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

PECKHAM, District Judge.

The Defendant General Food Corporation's motion for summary judgment came on for hearing before this Court on December 14, 1966, and the Court having considered the complaint, the motion, and all documents in support thereof, in particular the depositions taken of the Patentees Groen and Rice and the files and exhibits appended to the depositions, and having considered the papers filed in opposition to such motion, and the Court having heard oral argument of counsel in open Court:

The Court hereby grants the Defendant's motion for summary judgment.

■ On review of this case, the Court finds that the only substantial and seriously contested issue is whether the omission of a blanching step in the quick freeze processing of onions is sufficiently novel and non-obvious from a knowledge of the prior art, within the meaning of 35 U.S.C. §§ 102, 103, that a patent may be granted a patent claimant on these grounds. The Court holds that the omission of a blanching step does not meet the statutory requirements of either section.

Both the Groen and Rice depositions clearly admit that substantially the whole

process which is the subject of their patent, save blanching, has long been successfully used in this country for various types of vegetables. Especially noteworthy, they admit that the individual quick freezing of diced vegetable particles was part of the industry before they "discovered" their process. Applying the prior art to onions it is conceded by all is not a patentable idea. Brown et al. v. Piper, 91 U.S. 37, 23 L.Ed. 200 (1875). They propose, then, that the omission of an alleged standard blanching step in the processing of onions either makes the entire modified process, or at least the novel step, patentable.

This proposal is untenable. 35 U.S.C. § 102 provides that a patent may not be issued where the claimed invention was known or used by others in this country, or described in a printed publication before the invention thereof by the applicant. A publication entitled "Making the Most of Your Food Freezer" by Marie Essipoff, Library of Congress Card No. 54-9436, was published and distributed several years before the claimed "invention" occurred. That publication, in describing the home freezing of onions, repeatedly admonishes its readers not to blanch the onions. The Patentees, Plaintiffs here, in distinguishing the Essipoff book from their process on appeal to the Board of Patent Appeals, could only point out that the book suggested freezing the particles in small plastic bags, while the Patentee's method involved the individual quick freezing of onion particles. However, as later admitted in the Patentee's depositions, such particle freezing was common to the industry before they invented their process.

Therefore, this Court holds that the omission of a blanching step, known and published to be undesirable before the patent was conceived, from the execution of an admittedly standardized food freezing process, is not patentable. United States Letters Patent No. 2,950,-203 is hereby declared invalid, and summary judgment granted the Defendant General Foods Corporation.